OPINION OF THE COURT
Edward H. Lehner, J.
The issue before me on this motion by petitioner to confirm the award of interest made in a no-fault arbitration is whether respondent is entitled to commence a de novo challenge relating only to the amount of interest awarded.
By order dated December 10, 2002 I confirmed an arbitration award made in a no-fault dispute, but remanded the matter to the arbitrator “to determine additional interest owing.” In that order it was noted that the full principal amount of petitioner’s claim had been paid together with some interest, the only dispute remaining relating to additional interest, which re *920 spondent challenged asserting that petitioner had delayed the proceeding.
Upon remand, the arbitrator determined that the additional interest owing to petitioner totaled $76,181.76. By notice of motion dated April 16, 2003, petitioner moved to confirm that award. Respondent opposed the application on the grounds that the award was on appeal to a master arbitrator. This proceeding was eventually adjourned until August 8. At the time of argument on that date the papers showed that the master arbitrator had, by decision dated June 30, 2003, fully affirmed the award of the lower arbitrator.
The only opposition to confirmation presented in respondent’s reply papers is that it has commenced an action for a de novo adjudication as provided in Insurance Law § 5106 (c). While the motion before me is to review the award of the lower arbitrator, to conserve judicial resources I will treat this application as one to confirm the subsequently made affirming award of the master arbitrator.
Subdivision (c) of Insurance Law § 5106 provides that the award of a master arbitrator is binding except for review pursuant to article 75 of the CPLR provided, however, “that where the amount of such master arbitrator’s award is [$5,000] or greater, exclusive of interest and attorney’s fees, the insurer or the claimant may institute a court action to adjudicate the dispute de novo” (emphasis supplied). Here, respondent has paid the full principal amount of the award and in the de novo action commenced by it the complainant states that “the dispute between the parties is whether the plaintiff is required to pay the defendant an additional $76,181.76 in interest in addition to the already paid $58,613.00 in awarded benefits and $34,159.66 in interest.”
I find that since the principal amount of the award is not being challenged, the statute does not authorize a de novo action to contest only the amount of interest added to the principal by reason of the insurer’s failure to timely pay the claim. If the principal amount of an award is less than $5,000, but the addition of interest increased the total amount to over $5,000, the statute would not authorize a de novo adjudication, the amount of interest so awarded not being relevant to the right to such adjudication.
Respondent’s argument that the situation in the case of Matter of Capuano v Allstate Ins. Co. (122 AD2d 138 [2d Dept 1986]) “is virtually identical to the one present in this case” (affirmation of Alexander Tisch, dated Aug. 7, 2003) is devoid *921 of merit as in that case the insurer was challenging an award of lost wages of over $5,000. Here, if respondent had challenged the award of over $50,000 in no-fault benefits, clearly it could have been entitled to a de novo adjudication.
Since the two percent per month interest charge provided in the regulations of the Insurance Department, which clearly is designed to encourage insurers to promptly pay claims, is not to be included in the threshold sum necessary to obtain de novo adjudication, and since the award for lost wages and medical expenses is not being challenged, the award as affirmed by the master arbitrator should be confirmed.